UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

THE NEW YORK TIMES COMPANY,

Plaintiff,

v.

THE FEDERAL BUREAU OF INVESTIGATION,

Defendant.

**COMPLAINT**

Case No. 1:26-cv-5323

---

Plaintiff THE NEW YORK TIMES COMPANY ("The Times"), by and through their undersigned attorneys, allege as follows:

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552 *et seq.* ("FOIA"), to obtain an order for the production of agency records from the Federal Bureau of Investigation ("FBI") in response to four separate FOIA requests made by The Times.

2. These requests seek information concerning (a) personal travel by FBI Director Kash Patel using FBI resources ("Travel Request"), (b) the security arrangements made for Alexis Wilkins, the girlfriend of Director Patel ("Wilkins Request"), (c) the FBI investigation of New York Times reporter Elizabeth Williamson ("Williamson Request"), and (d) the FBI's arrangement with public relations consultant Erica Knight ("Knight Request").

3. The FBI has failed to respond at all to the Travel and Williamson Requests, despite the passing of the statutory deadlines for doing so. It initially responded to the Wilkins and Knight Requests by asserting that it could neither confirm nor deny the existence of such records on privacy grounds, even though it has repeatedly and publicly acknowledged both that Ms. Wilkins is receiving FBI security protection and that it has hired Ms. Knight as a communications

1

consultant. The Times administratively appealed these responses, and the FBI has failed to respond to the administrative appeals, again despite the passing of the statutory deadlines.

## PARTIES

4.     Plaintiff The New York Times Company publishes *The New York Times* newspaper and www.nytimes.com. The Times is headquartered in this judicial district at 620 Eighth Avenue, New York, NY, 10018.

5.     The FBI is an agency of the federal government that has possession and control of the records that Plaintiff seeks. It is the United States's principal law enforcement agency.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

7.     Venue is premised on Plaintiff The New York Times Company's place of business and is proper in this district under 5 U.S.C. § 552(a)(4)(B).

## LEGAL FRAMEWORK

8.     FOIA requires that agencies make a determination as to FOIA requests within 20 business days. 5 U.S.C. § 552(a)(6)(A)(i).

9.     "In order to make a 'determination' within the statutory time periods . . . the agency must at least indicate within the relevant time period the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for Responsibility & Ethics in Wash. v. FEC*, 711 F.3d 180, 182-83 (D.C. Cir. 2013) (Kavanaugh, J.); *see also* 5 U.S.C. § 552(a)(6)(A)(i)(I) (specifying that a determination must include "the reasons therefor").

10.    FOIA provides that a requester "shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with" the statutory deadlines. 5 U.S.C. § 552(a)(6)(C)(i).

11.    If an agency responds to a FOIA request by denying it, the requester has the right to administratively appeal that adverse outcome.  *See id.* § 552(a)(6)(A)(i).

12.    FOIA requires that agencies make a determination as to such appeals within 20 business days.  *See id.* § 552(a)(6)(A)(ii).

13.    The FBI has failed to meet the statutory deadline for making a determination in response to the Travel and Williamson Requests. *See* 5 U.S.C. § 552(a)(6)(A). The Times is, therefore, deemed to have exhausted all available administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C) and is entitled to commence an action against the FBI.

14.    The FBI has failed to meet the statutory deadline for responding to the administrative appeals of the denials of the Wilkins and Knight Requests, meaning that the administrative appeals are constructively denied. Therefore, The Times is entitled to seek judicial review of the initial denials pursuant to 5 U.S.C. § 552(a)(4)(B).

## FACTUAL BACKGROUND

### *The Travel Request*

15.    Since taking office at the start of 2025, Director Patel has traveled on government planes for recreational purposes on multiple occasions. For example, he:

- "[F]lew to Miami on Air Force One . . . to watch an Ultimate Fighting Championship event." Adam Goldman & Aric Toler, *A Different Kind of F.B.I. Chief: Jet-Setting Patel Loves the Limelight*, N.Y. Times (Apr. 20, 2025),

3

https://www.nytimes.com/2025/04/20/us/politics/kash-patel-spotlight-fbi-director.html.

- Traveled to a hockey game on Long Island in one of the FBI's Boeing 747s. *Id.*

- Used "one of the bureau's Gulfstream jets" to make "three round trips to Nashville," where his girlfriend lives. *Id.*

- "[U]sed a government jet for . . . a golf trip with buddies to a private resort in Scotland." Alan Feuer, Adam Goldman & Glenn Thrush, *Patel Under Scrutiny for Use of SWAT Teams to Protect His Girlfriend,* N.Y. Times (Nov. 23, 2025), https://www.nytimes.com/2025/11/23/us/politics/kash-patel-girlfriend-fbi-protection.html ("*SWAT Article*").

- Took a flight, "at taxpayer expense, to Texas, where he visited a private hunting ranch owned by a friend." *Id.*

- Used a government plane to attend a Freestyle Wrestling event where his girlfriend was singing. *Id.*

- Flew with his girlfriend in a Gulfstream V government jet to a country music concert in Philadelphia. *See* Elizabeth Williamson & Adam Goldman, *Snorkeling at Pearl Harbor: Kash Patel's Travels Add to Focus on Ethical Issues*, N.Y. Times (May 15, 2026), https://www.nytimes.com/2026/05/15/us/politics/patel-fbi-travel-snorkeling-pearl-harbor.html.

16.     FBI directors are required to use government aircraft for their travel for security reasons. When the travel is personal, the directors must reimburse the government at the price of a commercial ticket.

4

17.    Director Patel's use of government resources for so many personal events has been strongly criticized on both the left and the right. *SWAT Article.* Mr. Patel himself, before he held his current post, strongly criticized FBI directors for using the FBI jet for personal reasons. *SWAT Article* (quoting a 2023 interview of Mr. Patel in which he denounced FBI Director Christopher Wray's use of the FBI plane, "saying he did not need a 'government-funded G5 to go on vacations'").

18.    On December 1, 2025, The Times submitted a FOIA request to the FBI for (a) "all records related to Director Patel's use of government planes for recreational travel," and (b) "all communications received by or sent by Director Patel concerning his use of governmental planes for recreational travel."

19.    The FBI acknowledged this request on December 9, 2025, and assigned it the tracking number 1704430-000.

20.    The Times has received no further response to the Travel Request.

### The Wilkins Request

21.    Alexis Wilkins is a country singer. She is dating Director Patel.

22.    Director Patel "assigned a SWAT team composed of four agents and two vehicles to protect her full-time." Elizabeth Williamson, *Kash Patel's Girlfriend Seeks Fame and Fortune, Escorted by an F.B.I. SWAT Team*, N.Y. Times (Feb. 28, 2026), https://www.nytimes.com/2026/02/28/us/politics/kash-patel-girlfriend.html ("*Girlfriend Article*"). In addition:

- A SWAT team from an FBI field office provided security for Ms. Wilkins at the National Rifle Association's annual convention, where she performed. *SWAT Article.*

- Officers were "reassigned to provide Ms. Wilkins with additional protection at a political event" in Utah. *Id.*

- Director Patel's "detail greeted her at the airport" in London "and used a bureau vehicle from the U.S. Embassy" to transport her. *Id.*

- "FBI tactical agents . . . ferried her to a resort in Britain . . . and to an appointment at a hair salon in Nashville." *Girlfriend Article.*

- "Agents in two SUVs stood guard outside a senior center" in Illinois "while she sang for a few dozen young conservatives." *Id.*

- A "three-man SWAT team" covered Ms. Wilkins at a country club fundraiser in Palm Desert, where she sang the national anthem. They then drove her 135 miles to the airport in Los Angeles. *Id.*

23.    The FBI has acknowledged that it provides security services to Ms. Wilkins. Director Patel's spokesman, Ben Williamson, said that "'Ms. Wilkins is receiving protective detail because she has faced hundreds of credible death threats related to her relationship with Director Patel.'" *SWAT Article*; *see also Girlfriend Article* ("Ben Williamson . . . said in statement that Ms. Wilkins needed full-time SWAT protection because 'as a direct result of her relationship with Director Pael, she is facing more than a dozen active death threats'").

24.    The provision to Ms. Wilkins of "open-ended, around-the-clock SWAT coverage" has been widely criticized. *Girlfriend Article* (quoting a former senior FBI executive: "'the inappropriateness of this cannot be overstated'").

25.    On December 1, 2025, The Times submitted a FOIA request to the FBI for (a) "all records related to the deployment of FBI swat resources to protect Alexis Wilkins," and (b) "all communications concerning the deployment of FBI swat resources to protect Alexis Wilkins."

26.    On December 29, 2025, the FBI responded, giving the request the tracking number 1705434-000. The response stated as follows:

> [T]he FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)C), 5 U.S.C. § 552(b)(6) and (b)(7)(C). The mere acknowledgment of the existence of FBI records on third party individuals could reasonably be expected to be an unwarranted invasion of personal privacy.

27.    On January 9, 2026, The Times submitted an administrative appeal of this denial of its request. It explained that the denial – a so-called "Glomar" response – was "preposterous," given that "[t]he FBI has already acknowledged publicly that it provides security resources to Ms. Wilkins."  As a result, "there is zero privacy interest" to protect.

28.    The FBI acknowledged the appeal on March 2, 2026, and assigned it number A-2026-00831. To date, The Times has received no substantive response to its administrative appeal.

### The Williamson Request

29.    After The Times reported on the FBI protection and transportation provided to Ms. Wilkins, the FBI began investigating the journalist who wrote and reported the story, Elizabeth Williamson. *See* Michael S. Schmidt, *F.B.I Said to Have Investigated Times Reporter After Article on Patel's Girlfriend,* N.Y. Times (Apr. 22, 2026), https://www.nytimes.com/2026/04/22/us/politics/fbi-times-reporter.html.

30.    Specifically, FBI agents "interviewed [Ms. Wilkins], queried databases for information on [Ms. Williamson], and recommended moving forward to determine whether Ms. Williamson broke federal stalking laws." *Id.* The FBI denied that there was any investigation, and relayed that its actions were "inquiries spurred by [a] threat Ms. Wilkins had received after publication" of Ms. Williamson's article. *Id.* (FBI spokesman: "While investigators were

concerned about how the aggressive reporting techniques crossed lines of stalking, no further action regarding Williamson or the reporting was ever pursued by the FBI").

31.    On April 27, 2026, The Times submitted a FOIA request to the FBI seeking the following records from January 1, 2026, through the date of production:

- All FD-302 forms referring to or mentioning Elizabeth Williamson.

- All records documenting database queries referring to or mentioning Ms. Williamson.

- All communications conveying the results of those database queries.

- All communications to or from FBI Director Kash Patel referring to or mentioning Ms. Williamson.

- All communications to or from Alexis Wilkins referring to or mentioning Ms. Williamson.

- All communications concerning any investigation or proposed in investigation into Ms. Williamson.

- All communications concerning the FBI's statements to or contact with the media about Ms. Williamson.

- All communications concerning the FBI's statements to or contact with the media about the Times Article [*Girlfriend Article*].

The request included a waiver from Ms. Williamson authorizing the release of records related to her.

32.    To date, The Times has received no substantive response to this request. On June 24, 2026, it received a denial of its request for expedited processing (two months after the request was submitted), which assigned the request the tracking number 1734339-000.

### *The Knight Request*

33.    After Director Patel took office, the FBI hired Erica Knight as a media advisor. *See* Daniel Klaidman, *Who is Erica Knight, the FBI's so-called "Kash Whisperer?,"* CBS News (Dec. 18, 2025), https://www.cbsnews.com/news/fbi-kash-patel-erica-knight/. According to CBS News,

Ms. Knight is a long-time friend of Mr. Patel's and was his personal publicist. *Id*. Director Patel posted a photograph of the two on X, writing "I have been truly blessed to have the best captain and teammate @_ericaKnight – she has been there since day 1, without her I would not be in this position today. She is the best publicist in America, and absolute force." *Id*.

34.     Among other things, Ms. Knight has publicly defended Mr. Patel's and Ms. Wilkins's personal travel on government jets and Ms. Wilkins's use of FBI security teams. *Id*.

35.     When Congressman Jamie Raskin questioned why the FBI hired Ms. Knight, who he described as "a taxpayer-funded PR fixer," the FBI pushed back, "maintaining that Knight's job is not about tending to Patel's personal PR" but rather about working "in tandem with the Office of Public Affairs to promote the bureau's broader mission." *Id.* An FBI official stated that "'she does specific work related to FBI communications,'" although it has not disclosed the terms of her contract or how much she is being paid. *Id.* (also quoting Ben Williamson, the FBI assistant director for public affairs: "'[Knight is] a valuable member of our press and communications office'").

36.     On December 1, 2025, The Times submitted a FOIA request to the FBI for:

- All records concerning the retention of Erica Knight to provide services to the FBI.

- All communications concerning the retention of Erica Knight to provide services to the FBI.

- All communications between Erica Knight and Ben Williamson.

37.     On December 17, 2025, the FBI responded, giving the request the tracking number 1705444-000. The response stated:

> [T]he FBI will neither confirm nor deny the existence of such records pursuant to FOIA exemptions (b)(6) and (b)(7)C), 5 U.S.C. § 552(b)(6) and (b)(7)(C). The mere acknowledgment of the existence of FBI records on third party individuals could reasonably be expected to be an unwarranted invasion of personal privacy.

9

38.    On December 30, 2025, The Times submitted an administrative appeal to this "Glomar" response. The Times explained that, like the Glomar response to the Wilkins Request, the denial was "preposterous," given that the FBI has acknowledged that "Ms. Knight works as a contracted press representative for the FBI" and that "she regularly communicates openly with journalists and invites them to communicate with her when they have questions about the FBI." Indeed, Ms. Knight acknowledged as much in an email to The Times, writing "I work with Ben[] [Williamson's] team . . . Please call me anytime I can ever help you with anything – happy to be a resource." Accordingly, and there is "nothing private about her role, her connection to the FBI, or her contract," and she lacks any privacy interest in the information sought.

39.    To date, the FBI has not responded to The Times's administrative appeal.

## CAUSES OF ACTION

### Count 1 (The Travel Request) – Violation of 5 U.S.C. § 552

40.    Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

41.    The FBI is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

42.    The FBI has failed to meet the statutory deadline for making a substantive determination in response to The Times's Travel Request.

43.    The Times has therefore exhausted all available administrative remedies with respect to this request. 5 U.S.C. § 552(a)(6)(C)(i).

44.     The FBI is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

45.     No exemptions permit the withholding of the records sought by this request.

46.     Plaintiff is thus entitled to an order compelling the FBI to produce records responsive to the Travel Request.

### Count 2 (The Wilkins Request) – Violation of 5 U.S.C. § 552

47.     Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

48.     The FBI is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

49.     The Times timely submitted an administrative appeal of the denial of the Wilkins Request and has therefore exhausted its administrative remedies.

50.     The FBI failed to respond to this administrative appeal, as required pursuant to 5 U.S.C. § 552(a)(6)(A)(ii).

51.     The FBI is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

52.     No exemptions permit the withholding of the records sought by this request.

53.     Plaintiff is thus entitled to an order compelling the FBI to produce records responsive to the Wilkins Request.

11

### *Count 3 (The Williamson Request) – Violation of 5 U.S.C. § 552*

54.     Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

55.     The FBI is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

56.     The FBI has failed to meet the statutory deadline for making a substantive determination in response to The Times's Williamson Request.

57.     The Times has therefore exhausted all available administrative remedies with respect to this request. 5 U.S.C. § 552(a)(6)(C)(i).

58.     The FBI is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

59.     No exemptions permit the withholding of the records sought by this request.

60.     Plaintiff is thus entitled to an order compelling the FBI to produce records responsive to the Williamson Request.

### *Count 4 (The Knight Request) – Violation of 5 U.S.C. § 552*

61.     Plaintiff repeats, realleges, and reincorporates the allegations in the foregoing paragraphs as though fully set forth herein.

62.     The FBI is an agency subject to FOIA, and it must therefore conduct an adequate search using reasonable efforts to locate responsive records, release any disclosable records in its possession at the time of the request, and provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

63.     The Times timely submitted an administrative appeal of the denial of the Knight Request and has therefore exhausted its administrative remedies.

64.     The FBI failed to respond to this administrative appeal, as required pursuant to 5 U.S.C. § 552(a)(6)(A)(ii).

65.     The FBI is permitted to withhold documents or parts of documents only if one of FOIA's enumerated exemptions apply.

66.     No exemptions permit the withholding of the records sought by this request.

67.     Plaintiff is thus entitled to an order compelling the FBI to produce records responsive to the Knight Request.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Declare that the records sought by the four requests, as described in the foregoing paragraphs, are public under 5 U.S.C. § 552 and must be disclosed;

2.     Order the FBI to undertake an adequate search for the requested records and to provide those records to Plaintiff within 20 business days of the Court's order;

3.     Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees, as expressly permitted by FOIA, 5 U.S.C. § 552(a)(4)(E)(i); and

4.     Grant Plaintiff such other relief as this Court deems just and proper.

Dated: New York, New York
     June 24, 2026

*/s/ David E. McCraw*
David E. McCraw
Alia L. Smith
Legal Department
The New York Times Company
620 Eighth Avenue
New York, NY 10018
Phone: (212) 556-4031
Email: mccraw@nytimes.com; alia.smith@nytimes.com

*Counsel for Plaintiff The New York Times Company*