JAY CLAYTON
United States Attorney for the
Southern District of New York
By: PETER ARONOFF
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2697
Email: peter.aronoff@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THE NEW YORK TIMES COMPANY,

        Plaintiff,

    v.

FEDERAL BUREAU OF INVESTIGATION,

        Defendant.

26 Civ. 5323 (MKV)

**ANSWER TO COMPLAINT**

Defendant Federal Bureau of Investigation ("FBI" or "Defendant"), by and through its

attorney, Jay Clayton, United States Attorney for the Southern District of New York, answers the

Complaint, ECF No. 1 (the "Complaint"), filed by plaintiff The New York Times Company

("Plaintiff") under the Freedom of Information Act ("FOIA") as follows:

1.    This paragraph consists of Plaintiff's summary of the present litigation, to which

no response is required.

2.    This paragraph consists of Plaintiff's summary of Plaintiff's FOIA requests, to

which no response is required. To the extent a response is required, we respectfully refer the Court

to the requests themselves, which are the best evidence of their own contents.

3.    This paragraph consists of conclusions of law, to which no response is required.

1

## PARTIES[1]

4.      Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

5.      The first sentence of paragraph 5 consist of conclusions of law, to which no response is required.  The second sentence is vague and ambiguous because of the term "principal," but Defendant admits that it is a law enforcement component of the Department of Justice.

## JURISDICTION AND VENUE

6.      This paragraph consists of conclusions of law, to which no response is required.

7.      This paragraph consists of conclusions of law, to which no response is required.

## LEGAL FRAMEWORK

8.      This paragraph consists of conclusions of law, to which no response is required.

9.      This paragraph consists of conclusions of law, including citations to legal decisions, to which no response is required.

10.     This paragraph consists of conclusions of law, including quotations from statutes, to which no response is required.

11.     This paragraph consists of conclusions of law, to which no response is required.

12.     This paragraph consists of conclusions of law, to which no response is required.

13.     This paragraph consists of conclusions of law, to which no response is required.

14.     This paragraph consists of conclusions of law, to which no response is required.

---

[1]     Headings from the Complaint are included only for ease of reference. By including them, Defendant does not admit the accuracy of the headings. To the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

## FACTUAL BACKGROUND

### *The Travel Request*

15.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

16.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

17.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

18.    Defendant admits that it received a FOIA request from Plaintiff on or about December 1, 2025, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the cited FOIA request for a full and accurate statement of its contents.

19.    Defendant admits that it sent a letter to Plaintiff, dated December 9, 2025, acknowledging receipt of Plaintiff's FOIA request and assigning it FOIPA Request No. 1704430-000. Defendant respectfully refers the Court to the cited letter for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

20.    Defendant admits.

### *The Wilkins Request*

21.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

22.    The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

3

23.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

24.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

25.     Defendant admits that it received a FOIA request from Plaintiff on or about December 1, 2025, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the cited FOIA request for a full and accurate statement of its contents.

26.     Defendant admits that it sent a letter to Plaintiff, dated December 29, 2025, acknowledging receipt of Plaintiff's FOIA request, assigning it FOIPA Request No. 1705434-000, and issuing a standard privacy *Glomar* response. Defendant respectfully refers the Court to the cited letter for a full and accurate statement of its contents.

27.     Defendant admits that it the DOJ Office of Information Policy ("OIP") received an appeal from Plaintiff on or about January 9, 2026. Defendant respectfully refers the Court to the cited appeal for a full and accurate statement of its contents.

28.     Defendant denies that the FBI responded to Plaintiff's appeal, and avers that OIP, who handles FOIA appeals on behalf of the FBI, sent a letter to Plaintiff, dated March 2, 2026, acknowledging receipt of Plaintiff's FOIA request and assigning it Appeal No. A-2026-00831. Defendant admits that OIP has not further communicated with Plaintiff regarding Plaintiff's appeal. Defendant respectfully refers the Court to the cited appeal for a full and accurate statement of its contents.

### The Williamson Request

29.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

30.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

31.     Defendant admits that it received a FOIA request from Plaintiff on or about April 27, 2026, which speaks for itself and is the best evidence of its contents. Defendant respectfully refers the Court to the cited FOIA request for a full and accurate statement of its contents.

32.     Defendant denies, but avers that it sent a letter to Plaintiff, dated April 29, 2026, acknowledging receipt of Plaintiff's FOIA request and assigning it FOIPA Request No. 1734339-000. Defendant further avers that it sent a letter to Plaintiff, dated June 24, 2026, denying Plaintiff's request for expedited processing. Defendant respectfully refers the Court to the cited letters for a full and accurate statement of their contents.

### The Knight Request

33.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

34.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

35.     The allegations in this paragraph do not set forth a claim for relief or aver facts in support of a claim to which an answer is required.

36.     Defendant admits that it received a FOIA request from Plaintiff on or about December 1, 2025, which speaks for itself and is the best evidence of its contents. Defendant

respectfully refers the Court to the cited FOIA request for a full and accurate statement of its contents.

37.     Defendant admits that it sent a letter to Plaintiff, dated December 17, 2025, acknowledging receipt of Plaintiff's FOIA request, assigning it FOIPA Request No. 1705444-000, and issuing a standard privacy *Glomar* response. Defendant respectfully refers the Court to the cited letter for a full and accurate statement of its contents.

38.     Defendant admits that OIP received an appeal from Plaintiff on or about December 8, 2025. Defendant respectfully refers the Court to the cited appeal for a full and accurate statement of its contents.

39.     Defendant admits that the FBI has not responded to Plaintiff's appeal insofar as the appeal was not submitted to the FBI. Defendant avers that OIP, who handles FOIA appeals on behalf of the FBI, responded to the appeal and sent a letter to Plaintiff, dated January 15, 2026, acknowledging receipt of Plaintiff's FOIA request and assigning it Appeal No. A-2026-00518. Defendant respectfully refers the Court to the cited appeal for a full and accurate statement of its contents and denies any allegations inconsistent therewith.

## CAUSES OF ACTION

### *Count 1 (The Travel Request) – Violation of 5 U.S.C. § 552*

40.     Defendant's responses to paragraphs 1 through 39 of the Complaint are hereby incorporated by reference and realleged as if fully stated herein.

41.     This paragraph consists of conclusions of law, to which no response is required.

42.     This paragraph consists of conclusions of law, to which no response is required.

43.     This paragraph consists of conclusions of law, to which no response is required.

44.     This paragraph consists of conclusions of law, to which no response is required.

6

45.     This paragraph consists of conclusions of law, to which no response is required.

46.     This paragraph consists of conclusions of law, to which no response is required.

### *Count 2 (The Wilkins Request) – Violation of 5 U.S.C. § 552*

47.     Defendant's responses to paragraphs 1 through 46 of the Complaint are hereby incorporated by reference and realleged as if fully stated herein.

48.     This paragraph consists of conclusions of law, to which no response is required.

49.     This paragraph consists of conclusions of law, to which no response is required.

50.     This paragraph consists of conclusions of law, to which no response is required.

51.     This paragraph consists of conclusions of law, to which no response is required.

52.     This paragraph consists of conclusions of law, to which no response is required.

53.     This paragraph consists of conclusions of law, to which no response is required.

### *Count 3 (The Williamson Request) – Violation of 5 U.S.C. § 552*

54.     Defendant's responses to paragraphs 1 through 53 of the Complaint are hereby incorporated by reference and realleged as if fully stated herein.

55.     This paragraph consists of conclusions of law, to which no response is required.

56.     This paragraph consists of conclusions of law, to which no response is required.

57.     This paragraph consists of conclusions of law, to which no response is required.

58.     This paragraph consists of conclusions of law, to which no response is required.

59.     This paragraph consists of conclusions of law, to which no response is required.

60.     This paragraph consists of conclusions of law, to which no response is required.

### *Count 4 (The Knight Request) – Violation of 5 U.S.C. § 552*

61.     Defendant's responses to paragraphs 1 through 60 of the Complaint are hereby incorporated by reference and realleged as if fully stated herein.

62.     This paragraph consists of conclusions of law, to which no response is required.

63.     This paragraph consists of conclusions of law, to which no response is required.

64.     This paragraph consists of conclusions of law, to which no response is required.

65.     This paragraph consists of conclusions of law, to which no response is required.

66.     This paragraph consists of conclusions of law, to which no response is required.

67.     This paragraph consists of conclusions of law, to which no response is required.

The remainder of Plaintiff's Complaint beginning with the word "WHEREFORE" consists of Plaintiff's requests for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Any allegations not specifically admitted, denied, or otherwise answered are hereby denied. For further defenses, Defendant hereby alleges as follows:

## FIRST DEFENSE

If documents responsive to Plaintiff's request exist, such documents, or portions thereof, are exempt from disclosure to the extent provided by applicable FOIA exemptions, 5 U.S.C. § 552(b).

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceed the relief authorized under FOIA, 5 U.S.C. § 552.

Defendant may have additional defenses which are not known at this time, but which may become known through further proceedings. Accordingly, Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of litigation.

WHEREFORE, Defendant respectfully requests that the Court enter judgment dismissing the Complaint in its entirety, and grant it such other relief as the Court deems proper, including its costs and disbursements herein.

Dated:   New York, New York
         July 29, 2026

                                        JAY CLAYTON
                                        United States Attorney for the
                                        Southern District of New York

                          By:      /s/ Peter Aronoff
                                        PETER ARONOFF
                                        Assistant United States Attorney
                                        86 Chambers Street, Third Floor
                                        New York, New York 10007
                                        Telephone: (212) 637-2697
                                        E-mail: peter.aronoff@usdoj.gov

9